UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIETA BOTTJER, | No. CV-08-091-CI |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 14.) Attorney Lora Lee Stover represents Rieta Bottler (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability benefits (DIB) and Supplemental Security Income (SSI) benefits in November 2001. (Tr. 67, 322.) Her 2001 claim was denied initially, and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held in July 2003 before ALJ R. J. Payne. (Tr. 361-425.) Plaintiff, medical expert Glen

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Almquist, and vocational expert Fred Cutler (VE) testified. (Tr. 362.) The ALJ denied benefits on July 14, 2003; the Appeals Council denied review. (Tr. 18-28, 7-9.) Plaintiff appealed the matter to this court, which reversed and remanded the case to the Defendant for additional proceedings on January 10, 2005. (Tr. 753-54.) The case was then remanded by the Appeals Council to the Spokane Office of Hearings and Appeals.[1] (Tr. 756-60.) While her appeal was pending, Plaintiff filed a second application for DIB and SSI benefits on November 28, 2003. (Tr. 781.) She alleges disability due to chronic back and left hip problems, left sacroiliac (SI) joint dysfunction, bowel and bladder incontinence, leg numbness, and multiple hernias. (Tr. 82, 484.) She alleges an onset date of April 30, 2001. (Tr. 82.) Her second application was denied initially and on reconsideration. (Tr. 466-67.) Plaintiff again requested a hearing before an ALJ. The two cases were consolidated and a hearing was held before ALJ Payne on September 23, 2005. (Tr. 934-79.) At the September 2005 hearing, Plaintiff and medical expert Daniel Girzadas, M.D., testified. (Tr. 934.) Plaintiff was represented by counsel at both hearings. The ALJ denied benefits and the Appeals Council denied review. (Tr. 432-445, 426-28.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

---

[1] In its remand order, the Appeals Council directed the ALJ to address the opinions of Patrick Pearce, M.D., consider the assessments of state agency physicians, re-evaluate Plaintiff's RFC and past relevant work, and address transferability of skills, if appropriate. (Tr. 758-59.) As discussed in this Order, the ALJ appears to have fully complied with the remand order.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the September 2005 hearing, Plaintiff was 58 years old with a high school education. She also had training as a dental assistant. (Tr. 88.) She lived in a house with her caregiver. (Tr. 377, 952.) She had past work experience as an electronics assembler, electronics inspector, child care provider, certified nurse's assistant, playground monitory/teacher's aide, school cook, short order cook, dental lab technical assistant, grocery deli worker, grocery customer service clerk, grocery bagger and grocery stock clerk. (Tr. 409-13, 493.) She testified she could sit for one half hour and stand for 15 minutes. (Tr. 972.) She stated she could walk 50 feet, needed a walker for stability and also used a wheelchair. (Tr. 960.) At the 2005 hearing, she stated she could not work because of worsening hip and back pain, left arm numbness, bowel and bladder incontinence, and the effects of her medication. (Tr. 957-63.)

**ADMINISTRATIVE DECISION:  MARCH 10, 2006**

At step one, ALJ Payne found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 444.) At step two, he found Plaintiff had severe musculoskeletal and gastrointestinal impairments, but determined at step three they did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 439-40.) In regards to Plaintiff's claims that she had severe incontinence, he found there was no objective medical evidence of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

"an organic condition that would result in bowel or bladder incontinence." He determined Plaintiff did not present evidence to establish a "severe" bowel or bladder incontinence impairment. (Tr. 439.)  The ALJ found Plaintiff was not credible. (Tr. 441.)  At step four, he determined Plaintiff had the following residual functional capacity (RFC):

> [S]he is able to perform work that does not require lifting more than 10 pounds occasionally, standing and/or walking more than 2 hours in an 8 hour day, pushing and/or pulling more than 10 pounds occasionally, climbing ladders/ ropes/ scaffolds, more than occasionally climbing ramps/stairs, balancing, kneeling, crouching, crawling, stooping, and she is limited in her ability to engage in activities requiring exposure to vibration and fumes, odors, chemicals or gases.

(Tr. 444.)

Considering vocational expert testimony and the record in its entirety, the ALJ concluded Plaintiff's impairments and her RFC did not preclude Plaintiff from performing her past relevant work as an electronic assembler and electronics inspector.  (Tr. 444-45.) Therefore, Plaintiff was not under a "disability" as defined by the Social Security Act.  (Tr. 445.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) assessed her credibility and pain complaints; (2) disregarded her primary care providers' opinions; (3) assessed her RFC; and (4) failed to properly apply the Medical-Vocational Guidelines (Grids). She asserts that the record in its entirety does not support the ALJ's denial of benefits. (Ct. Rec. 13 at 8.)

**DISCUSSION**

**A.   Credibility**

When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific

to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must engage in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986) Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair v. Bowen*, 885 F.2d 597, n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600; *Fair*, 855

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

F.2d at 604 ("credibility determinations are the province of the ALJ").

Here, the ALJ thoroughly discussed the medical evidence and testimony presented in both claims. (Tr. 434-39.) He also summarized Plaintiff's statements of record and her testimony, specifically noting that she testified treating physician Dr. Grim suggested a walker and wanted Plaintiff to have a wheelchair; that she used the walker for weakness and pain, that she had experienced incontinence since 1996, that it is caused by stress; that she had been using diapers for the past four years; that she walks 50 feet with or without the walker, that she can lift a gallon of milk with both hands but is unable to carry it; that she is able to sit 30 minutes at a time and stand 15 minutes at a time; that her medications cause problems with concentration; that physical therapy stopped in 2003 because it was making her condition worse; that she naps several times a day and has to take breaks when doing the dishes or watering the yard or after 15 minutes of activity; that sometimes pain prevents her from doing even these chores; that she has pain in her left knee and foot, but has not sought treatment for those symptoms. (Tr. 440, 955-68, 972-77.)

"An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce some pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair*, 885 F.2d at 603.

1  Subjective complaints alone cannot be the basis for a finding of
2  disability. Further, the ALJ need not completely reject nor
3  completely accept the claimant's allegations. *Social Security*
4  *Ruling* (*SSR*) 96-7p.

5  In his credibility findings, the ALJ referenced evidence in the record that Plaintiff presented medical records from 1996 and 1998, indicating she had complained of musculoskeletal and gastrointestinal problems. The ALJ found this evidence, however, showed that by 1999, she had returned to work, completed her CNA licensing, and worked as a CNA, then as an electronics assembler until she was laid off in April 2001. (Tr. 441, 276-82.) He found imaging results in the entire record (including MRI's, CT scan of the head and colon, heart and lung imaging, and a bone scan) did not evidence a worsening of her condition, contrary to her testimony. (Tr. 437; *see also* Tr. 862-74, *Chart Review*.) This finding is supported by substantial evidence. For example, throughout the record, radiology reports indicate no impingement of nerves or compression to explain reported symptoms of the back and hip. Results from CT scans of the head, colon, bowels and a bone scan are unremarkable or show no significant abnormality to explain reported symptoms. (Tr. 124, 158, 199-200, 233-34, 637-50, 672-74, 691, 699-706, 860-61, 862-74; see also Tr. 938, 940-041.) This lack of objective medical evidence to establish severity of pain is a relevant factor to consider in credibility assessments, as long as it is not the only factor. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell*, 947 F.2d at 345. The ALJ properly gave additional "clear and convincing" reasons to support his credibility

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

determination, including inconsistencies in her reports to third parties and in treatment notes; her self-reported ability to work until she was laid off in 2001; representations that she was able to work while receiving unemployment compensation; the fact that the record indicates Plaintiff or her physical therapist, not Dr. Grim, suggested she use a walker (Tr. 256); that Elderly Services, not Dr. Grim, suggested use of a wheelchair; and that her physicians did not refer her to a pain clinic (other than facet joint injections that provided three days of relief) despite her allegations of constant pain.  The ALJ also found the reports of Dr. Lamb and Dr. Bozarth (examining neurology specialists) indicated there was no medical explanation for the severity of her complaints.  This reasoning is well supported by the record.  Both physicians observed Plaintiff's clinical exams were not consistent with symptoms reported.  (Tr. 230-31, 539, 881.)  After examination and review of imaging results in January 2003, Dr. Lamb noted he was unable to explain much of Plaintiff's presentation, which he concluded was "nonphysiologic." (Tr. 539.) In May 2005, Dr. Bozarth observed Plaintiff during examination and found her lower extremity motor strength was "entirely normal."  He noted she could stand and walk without a walker, moving "rather well."  (Tr. 878, 880.) Finally, the ALJ cited evidence of secondary gain.  (Tr. 254, 441.)

   The enumerated inconsistencies between the medical records and Plaintiff's self-report, as well as documented observations of examining specialists, are "clear and convincing" reasons to support the ALJ's finding that Plaintiff is not credible as to the severity of her pain.  *Rollins,* 261 F.3d at 856-57.  Although the record

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

supports the ALJ's findings that Plaintiff experienced some limitations due to her musculoskeletal and gastrointestinal impairments, the evidence in its entirety was rationally interpreted to support a finding that Plaintiff's subjective complaints of disabling pain are not credible.

**B.   Evaluation of Medical Opinions**

Plaintiff claims the ALJ improperly rejected the opinions of treating physicians Patrick Pearce, M.D., and Tamara Grim, M.D., that Plaintiff was incapable of working. She asserts that the medical expert, Daniel Girzadas, M.D., acknowledged these opinions in his testimony. (Ct. Rec. 13 at 6, 10-11.)

In a disability proceeding, it is the role of the ALJ to resolve conflicts in medical evidence. A treating physician's opinion is given special weight because of his or her familiarity with the claimant and his physical condition. *See Fair*, 885 F.2d at 604-05. If the treating physician's opinion is not contradicted, it can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons. *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*, 278 F.3d at 957; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, a plaintiff's credibility is an appropriate factor to consider when evaluating medical evidence. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d

1190, 1195 (9th Cir. 2004) (*quoting Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The Regulations also provide that the final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). No special significance is given to a medical source opinion on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Further, where an ALJ's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

In his detailed summary of the evidence and in his RFC assessment, ALJ Payne thoroughly discussed evidence from treating physicians Dr. Pearce and Dr. Grim. (Tr. 435-38, 442-43.) He gave specific reasons for rejecting their opinions that Plaintiff was severely limited and unable to return to work. (Tr. 541, 845-46.) Specifically, he found their opinions unpersuasive because they were based on Plaintiff's unreliable statements, were not consistent with their own clinical notes, were not consistent with the objective test results, and were not consistent with other treating physicians and examining specialists' opinions. (Tr. 442-43.) He also reasoned their opinion that Plaintiff was severely limited was not consistent with treatment recommendations; *i.e.*, Dr. Grim did not refer Plaintiff to a pain clinic to address the alleged disabling pain, and neither physician appeared to consider imaging results or reports from referred and consulting specialists. (*Id.*) As

discussed above, the evaluations of Drs. Lamb and Bozarth, as well as treatment notes from other providers and assessments by agency reviewing physicians, contradict the opinions of Drs. Pearce and Grim that Plaintiff is not able to work; therefore, the ALJ was not obliged to consider these treating physician opinions as controlling. 20 C.F.R. §§ 404.1527 (d)(2), 416.927(d)(2); *Holohan*, 246 F.3d at 1202-03.

Having properly rejected the opinions of Dr. Pearce and Dr. Grim that Plaintiff was unable to work, the ALJ discussed and adopted the conclusions of medical expert Daniel Girzadas. (Tr. 443.) Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Magallanes*, 881 F.2d at 755. Here, Dr. Girzadas testified as a specialist in orthopedics and, as such, his opinions are given special weight if supported by other evidence in the record. 20 C.F.R. § 416.927(d)(5). Dr. Girzadas gave detailed testimony explaining the evidence and his conclusions. (Tr. 937-51.) The functional limitations identified do not exceed limitations assessed by agency reviewing physicians, Dr. Morris Fuller and Dr. Charles Wolfe.[2] (Tr. 572-79, 729-35, 945-46, 949.) It is noted, on independent review, that the limitations are also consistent with Dr. Pearce's observations in February 2003, that Plaintiff moved around well and had normal reflexes, (Tr. 866,) and Dr. Bozarth's observation that

---

[2] Agency medical and psychological reviewing consultants are experts in the evaluation of medical issues in disability claims. Their findings of fact are considered expert opinion evidence of non-examining sources by the ALJ. *SSR* 96-6p.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Plaintiff could walk without an assistive device. (Tr. 878-879.)

Although Dr. Girzadas testified that if Plaintiff's self-report were credible, she would be incapable of work, he opined that based on the objective medical evidence, Plaintiff should be able to do sedentary type of work. (Tr. 944, 948-49.) Specifically, he testified that "there's no evidence of any impingement of the neural elements," "no mention of any arthritic changes or inflammation of the sacroiliac joint" and "multiple sacroiliac joint x-rays which were normal." (Tr. 943-44.) As discussed above, the ALJ properly found Plaintiff's self-report was not credible. Other medical reports and treatment notes, specialist opinions, and imaging results in the record reasonably support Dr. Girzada's conclusions. The ALJ did not err in relying on Dr. Girzadas' expert testimony.

It is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. Here, the opinions of Dr. Pearce and Dr. Grim that Plaintiff is incapable of work are not controlling because their opinions are contradicted by other acceptable medical sources, they were properly rejected by the ALJ, and they encompass a determination reserved to the Commissioner. *See SSR* 96-8p; *SSR* 96-5p (the RFC is the adjudicator's finding based on all relevant evidence in the case record). Considering Plaintiff's impugned credibility and record in its entirety, the evidence reasonably supports the ALJ's RFC determination.

**C. Step Four and Step Five**

Having determined Plaintiff's RFC, based on limitations

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

supported by the record, the ALJ proceeded to step four to determine if Plaintiff could perform past relevant work.  Relying in part on VE testimony from the July 2003 hearing, the ALJ found Plaintiff could perform her past work as an electronics assembler and electronic quality control inspector.  (Tr. 443-44.)

In finding that an individual has the capacity to perform a past relevant job, the decision must contain a finding of fact as to the individual's residual functional capacity; a finding of fact as to the physical and mental demands of the past job/occupation; and finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.  *SSR* 82-62.  If the claimant is able to perform her past relevant work, she is not entitled to disability benefits.  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983).  If the claimant cannot perform her past work, only then does the adjudicator proceed to the fifth and final step in the sequential evaluation.  20 C.F.R. §§ 404.1520, 416.920.[3]

---

[3] At step five, the burden shifts to the Commissioner to show the claimant can perform other substantial gainful activity.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  The Grids were adopted by the Social Security Administration (SSA) to improve the efficiency and uniformity of Social Security benefits proceedings at step five, when the Commissioner is obliged to prove there are other suitable jobs available.  *Desrosiers v. Secretary of Health and Human Serv's,* 846 F.2d 573, 577 (9th Cir. 1988).  Pursuant to rulemaking authority granted by Congress, the SSA developed a matrix of four factors (physical ability, age, education and work experience) that could be used by the Commissioner to determine

Here, based on VE testimony that the jobs of electronics assembler and quality control inspector as performed by Plaintiff involved sedentary exertion, the ALJ found Plaintiff's RFC permitted her to do past work as performed. Specifically, he found the past electronics jobs required lifting no more than 10 pounds, sitting six hours in an eight-hour day, and standing one hour and walking one hour in an eight-hour day. This finding is supported by Plaintiff's description of her past job duties. (Tr. 96-98, 410, 444.) In his hypothetical to the VE, the ALJ also included the effects of medication and moderate pain and propounded a sit/stand option; the VE opined Plaintiff was capable of doing the assembly jobs with those limitations. (Tr. 415, 417.) Relying on this testimony, and considering the limitations supported by the expanded record, the ALJ properly found Plaintiff could perform two of her past relevant jobs. (Tr. 444.) The ALJ's step four analysis is supported by substantial evidence and is without legal error.

Because Plaintiff did not meet her burden at step four, the ALJ properly found her not disabled; he was not obliged to continue to step five, and there was no need to apply the Grids. Plaintiff's argument that the ALJ improperly applied the Grids is without merit.

---

whether work exists that a claimant can perform. This established a consistent procedure at step five for identifying other jobs that did not rely on vocational expert testimony. "Where a claimant's qualifications correspond to the job requirements identified by the rule, the guidelines direct a [step five] conclusion as to whether work exists that the claimant could perform." *See Heckler*, 461 U.S. at 461-62 (use of Grids upheld as valid).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

**CONCLUSION**

The ALJ thoroughly detailed the medical evidence in the record and properly evaluated the medical opinions and other evidence in assessing Plaintiff's ability to perform work activities and past work. His detailed credibility findings are "clear and convincing." His determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12 )** is **DENIED**;

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**;

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED January 29, 2009.

                     S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18